UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBIN MARIE SMITH,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

Case No. 2:25-cv-02489-EJY

**ORDER**

Plaintiff Robin Marie Smith ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding she was not disabled under the Social Security Act (the "Act") ECF No. 9, Administrative Record ("AR") 53. The Court reviewed Plaintiff's Brief (ECF No. 9), the Commissioner's Response (ECF No. 10), and Plaintiff's Reply (ECF No. 11). The Court finds as follows.

## I. BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits under Title II of the Act on March 29, 2022. AR 42. Plaintiff also protectively filed a Title XVI application for supplemental security income on March 29, 2022. *Id*. The Commissioner denied Plaintiff's applications initially on March 31, 2023, and upon reconsideration on January 31, 2024. *Id*. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ"). *Id.* A telephonic hearing was held on November 4, 2024. *Id*. The ALJ issued her decision on January 30, 2025 finding Plaintiff was not disabled. AR 53. The Appeals Council denied Plaintiff's Request for Review on November 6, 2025. AR 1. Plaintiff seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if it is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial

evidence is "more than a mere scintilla." More than a scintilla of evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103) (2019) further citations omitted)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III. ESTABLISHING DISABILITY UNDER THE ACT

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of

proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

> Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).
>
> Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitle116d to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

## IV. SUMMARY OF THE ALJ'S DECISION

At step one of the sequential process the ALJ found Plaintiff had not engaged in substantial gainful activity since September 18, 2020, her alleged disability onset date. AR 44. At step two, the ALJ identified Plaintiff as having the following severe impairments: "obesity; seizure disorder; migraines; fibromyalgia; left knee osteoarthritis; lumbar degenerative disc disease s/p fusion; s/p ankle fusion; and right ankle Achilles tendinosis." AR 45. The ALJ found Plaintiff's reoccurring

ingrown toenails, emphysema, and unspecified depressive disorder to be nonsevere impairments. *Id*. At step three, the AJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." AR 46. The ALJ found Plaintiff retained the residual functional capacity ("RFC") as detailed on page 47 of the Administrative Record.[1] Though Plaintiff had no past relevant work, the ALJ found that she retained the RFC to perform jobs that existed in significant numbers in the national economy and, therefore, she was not disabled under the Act. AR 51-52.

## V. DISCUSSION

There is only one issue presented in this case. Plaintiff contends the ALJ erred when she failed to provide sufficient reasons for rejecting Plaintiff's testimony regarding the frequency and severity of her migraine headaches. ECF Nos. 9 at 4; 11 at 2. When issuing an opinion discounting a claimant's testimony, "[t]he ALJ must make two findings before the ALJ can find a claimant's pain or symptom testimony not credible." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (internal citation omitted). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. … Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Id*. (internal citations and quote marks omitted). "An ALJ's vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is insufficient for our review." *Id.* at 1103 (internal citations and quote marks omitted). "The ALJ must identify the testimony that was not credible, and specify what evidence undermines the claimant's complaints." *Id*. (internal quote marks and citations omitted). The Court in *Treichler* rejected the opinion of an ALJ which relied on a general assertion that a "claimant's statements concerning the intensity, persistence and limiting

---

[1] The Court does not discuss the RFC in greater detail because Plaintiff does not place this at issue and these findings are not germane to the Court's decision.

effects of … symptoms are not credible to the extent they are inconsistent with [an RFC].” *Id*. (citations omitted). Instead, “the ALJ … [must] typically identify what parts of the claimant's testimony were not credible and why.” *Id*. (internal citation omitted).

Said slightly differently, when an ALJ provides “objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms she alleges, the ALJ may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear, and convincing reasons for doing so.” *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015). A recitation of the medical evidence without specifying which testimony she finds not credible is insufficient. *Id.* “If the ALJ fails to specify his or her reasons for finding claimant testimony not credible, a reviewing court will be unable to review those reasons meaningfully without improperly substituting our conclusions for the ALJ's, or speculating as to the grounds for the ALJ's conclusions.” *Id.* at 492 (internal citation and quotation marks omitted).

Plaintiff contends the ALJ failed to provide “specific, clear, and convincing reasons” for rejecting her testimony related to her migraines. ECF Nos. 9 at 5; 11 at 2. Though Plaintiff's argument is poorly presented, Plaintiff makes clear that all the ALJ relied upon is medical evidence, never identifying what testimony the ALJ found lacked credibility or on what basis that determination was made. ECF No. 9 at 5. A thorough review of the ALJ's opinion shows there are very general remarks regarding Plaintiff's migraines (AR 45-46) and a conclusion that Plaintiff's “statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.” AR 47. The ALJ supports this by citing to the medical record; however, she never cites to any of Plaintiff's testimony regarding her migraine headaches. *Id*. at 48.

Ninth Circuit precedent makes clear that “providing a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible.” *Brown-Hunter*, 806 F.3d at 494. In sum, the ALJ does not identify what testimony regarding Plaintiff's headaches, if any, she

found to be not credible. Thus, the Court cannot meaningfully review the ALJ's decision. *See id.* at 492.[2]

In sum, the ALJ failed to identify any reason—let alone specific, clear, and convincing reasons—for rejecting Plaintiff's testimony regarding the frequency and intensity of her migraines after October 2022.

## VI. ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 9) is GRANTED.

IT IS FURTHER ORDERED that judgment is entered in favor of Plaintiff. This matter is therefore remanded to the Commissioner of Social Security for proceedings consistent with this Order under sentence four of 42 U.S.C. § 405(g).

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this case.

Dated this 23rd day of October, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

[2] The Commissioner's argument relies on testimony from Plaintiff that the ALJ does not discuss or mention in her opinion. *Compare* ECF Nos. 10 at 5 ("Plaintiff claimed that she could not work due to … migraine headaches.") *to* ECF No. 8-1 the AR at 42-53 (in which the ALJ never identifies or discusses any testimony by Plaintiff regarding her migraine headaches). Well established law holds a reviewing court may not affirm the ALJ's decision based on evidence in the record that the ALJ did not rely upon. *Stout*, 454 F.3d at 1054. Thus, the Court does not consider the Commissioner's assertion on which the ALJ did not rely.